UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DANIEL CLARK, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) No.: 13-3428-SEM ) |
| CORRECTIONAL OFFICER MOUNTAIN, | ) ) ) ) |
|     Defendant. | ) |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Daniel Clark's claims and for consideration of his motion for appointment of counsel.

## I.
## MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon

1

which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) (holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts

must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Plaintiff Daniel Clark is an inmate within the Illinois Department of Corrections who, at all relevant times, was housed at the Western Illinois Correctional Center. Defendant Correctional Officer Mountain is a correctional officer at the Western Illinois Correctional Center. Clark's Complaint alleges three causes of action against Mountain: (1) excessive force in violation of his Eighth Amendment rights; (2) retaliation in violation of his First Amendment rights; and (3) battery under Illinois common law.

A plaintiff must demonstrate that the force used against him by a state actor in an excessive force claim was not applied in a good faith effort to maintain or restore discipline but was applied maliciously and sadistically to cause harm. *Wilkins*, 559 U.S. 34, 37 (2010)(quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

A plaintiff must demonstrate that (1) he engaged in activity protected by the First Amendment; (2) that he suffered a deprivation

3

that would likely deter First Amendment activity in the future; and (3) that there was a causal connection between the two in order to maintain a claim of retaliation in violation of the plaintiff's First Amendment rights. *Watkins v. Kasper,* 599 F.3d 791, 794 (7th Cir. 2010).

To state a claim for civil battery under Illinois common law, a plaintiff must allege that the defendant engaged in a willful touching of the plaintiff in order to commit violence on the plaintiff. *Flores v. Santiago*, 986 N.E.2d 1216, 1219 (Ill. App. Ct. 2013). In other words, a defendant commits battery if: "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." *Id.*

Clark has sufficiently alleged all three of causes of action against Mountain in his Complaint. Clark alleges that on August 10, 2013, Mountain was distributing dinner trays in Clark's cell block. Clark claims that, when Mountain gave him his dinner tray, Mountain began verbally harassing him. Clark did not respond to Mountain's verbal taunts. Nevertheless, Mountain punched Clark

4

through the cell door's chuck hole and hit Clark in his groin area. Clark alleges that Mountain took these actions against him, at least in part, because he is a Muslim.

The Court finds Clark's allegations are sufficient to survive this Merit Review. If Clark's allegations are true, Mountain may have used excessive force and may have committed a battery against him by striking Clark without provocation. Mountain may also be held liable to Clark for violating his First Amendment rights if, as Clark claims, Mountain retaliated and harassed him because he is a Muslim. Accordingly, the Court will allow Clarks' Complaint to proceed against Mountain.

Finally, Clark has filed a motion for appointment of counsel to represent him in this case. Typically, the Court will not consider the merits of such a motion until a plaintiff shows that he has made reasonable efforts to find counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). A plaintiff usually makes this showing by writing to several different law firms and attaching the responses to the motion for appointment of counsel.

Clark has not demonstrated that he has attempted to find counsel on his own prior to filing this motion. Therefore, his motion

is denied. Clark may renew his motion for counsel, but if he chooses to do so, he should attach the responses that he has received from the lawyers that he has contacted in which those lawyers decline his request to represent him. In addition, Clark should set forth his educational level, work experience inside and outside of the facility, his litigation experience (if any), and any other facts relevant to whether he is competent to proceed without an attorney.

**IT IS, THEREFORE, ORDERED that:**

1. Pursuant to the Court's merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's Complaint states a claim against Defendant for excessive force, for retaliation in violation of his First Amendment rights, and for battery under Illinois law. Any additional claim(s) shall not be included in the case except at the Court's discretion on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before

Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

3. The Court will attempt service on Defendant by mailing them a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendant shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an

answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

6. Once counsel has appeared for Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's documents electronically and send notices of electronic filing to defense counsel. The notices of electronic filing shall constitute service on Defendant pursuant to Local Rule 5.3. If electronic service on Defendant is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

8. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.

Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**: 1) **ATTEMPT SERVICE ON DEFENDANT PURSUANT TO THE STANDARD PROCEDURES; 2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; AND 3) SHOW PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL [4] AS DENIED.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARHSAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

ENTER: March 27, 2014

FOR THE COURT:

                                          <u>   s/ Sue E. Myerscough   </u>
                                              SUE E. MYERSCOUGH
                                     UNITED STATES DISTRICT JUDGE